FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOHNNY ASUNCION,<br><br>Defendant/Movant. | No. 2:00-cr-2166-EFS<br>[No. 1:25-cv-3044-EFS]<br><br>No. 2:03-cr-2160-EFS<br>[No. 1:25-cv-3045-EFS]<br><br>**ORDER GRANTING MR. ASUNCION'S MOTION FOR WRIT OF CORAM NOBIS, AND VACATING CONVICTIONS** |

Defendant Johnny Asuncion seeks to set aside the judgments imposed in these two firearm-possession cases because the state drug convictions on which these firearm convictions are based were vacated as *void ab initio* and therefore the firearm convictions should likewise be vacated.[1] Previously, the Court construed Mr. Asuncion's pro se

---

[1] EDWA No. 2:00-cr-2166-EFS, ECF No. 63; EDWA No. 2:03-cr-2160-EFS, ECF No. 67.

1 motion as one seeking a writ for coram nobis and directed the United

2 States to respond.[2] The United States opposes Mr. Asuncion's motion,

3 contending that he fails to show eligibility for extraordinary coram-

4 nobis relief.[3] As is discussed below, the Court finds that a writ of coram

5 nobis is warranted to correct further consequence resulting from the

6 fundamentally flawed state convictions and these related now-flawed

7 firearm convictions.

**A.  Background**

Mr. Asuncion is "no stranger to the criminal justice system."[4] His

---

[2] EDWA No. 2:00-cr-2166-EFS, ECF No. 64; EDWA No. 2:03-cr-2160-EFS, ECF No. 68. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring a pro se document to be liberally construed and held to less stringent standards than pleadings drafted by lawyers).

[3] EDWA No. 2:00-cr-2166-EFS, ECF No. 68; EDWA No. 2:03-cr-2160-EFS, ECF No. 72.

[4] EDWA No. 2:00-cr-2166-EFS, ECF No. 68 at 3; EDWA No. 2:03-cr-2160-EFS, ECF No. 72 at 3.

1  criminal history began at age 18 when he was convicted of hunting-
2  related crimes and then drug-paraphrenia-related and driving-related
3  crimes. At age 21, he was convicted of possession of cocaine in
4  Washington. A year later, based on the state drug-possession
5  conviction, he was convicted of being a felon in possession of a firearm
6  in one of the instant cases, No. 2:00-cr-2166-EFS.

7  Following his release from imprisonment on the firearm-
8  possession conviction, Mr. Asuncion was convicted of possession of
9  methamphetamine in Washington. That same year he was later
10 convicted of the second at-issue firearm-possession conviction in No.
11 2:03-cr-2160-EFS.

12 After release from that custodial sentence, Mr. Asuncion
13 continued to be involved with drugs and was sentenced in 2018 to life
14 imprisonment for possession with intent to distribute
15 methamphetamine in another case before this Court, No. 1:17-cr-2015-
16 EFS. A life sentence was imposed due to Mr. Asuncion's prior felony-
17 drug convictions.

18 In 2021, the Washington State Supreme Court in *State v. Blake*
19 declared Washington's strict liability drug possession statute

1    unconstitutional.[5] Consistent with the *Blake* decision, Washington
2    courts later vacated Mr. Asuncion's state drug-possession convictions
3    as *void ab initio* because they lacked legal effect from the outset.[6]

4    Thereafter, Mr. Asuncion filed a 28 U.S.C. § 2255 habeas corpus
5    proceeding in his more recent federal case, No. 1:17-cr-2015-EFS,
6    seeking to be resentenced because the vacated state sentences, along
7    with a drug-distribution conviction, had been relied on by this Court
8    when sentencing Mr. Asuncion to life imprisonment in No. 1:17-cr-
9    2015-EFS. The Court granted the § 2255 habeas petition and held a
10   resentencing hearing.[7] When determining Mr. Asuncion's criminal
11   history score at the resentencing hearing, the Court counted the at-
12   issue firearm-possession convictions when calculating Mr. Asuncion's
13   criminal history because they had not yet been invalidated. The Court

---

[5] 197 Wash. 2d 170 (2021).

[6] EDWA No. 2:00-cr-2166-EFS, ECF No. 63 at 3–9; EDWA No. 2:03-cr-2160-EFS, ECF No. 67 at 3–9.

[7] EDWA No. 1:17-cr-2015-EFS, ECF No. 171.

1  resentenced Mr. Asuncion to 228 months.[8] Mr. Asuncion is still serving

2  this sentence, with an anticipated release date in April 2032.[9]

3        In March 2025, Mr. Asuncion filed the at-issue motions in these

4  two cases seeking to vacate his firearm-possession convictions because

5  his predicate "felony" convictions were declared *void ab initio* pursuant

6  to *Blake*.[10]

7  **B.**    **Standard**

8        A district court has the power to issue a writ of coram nobis

9  under the All Writs Act.[11] "[T]he writ of error coram nobis is a highly

10  unusual remedy, available only to correct grave injustices in a narrow

---

[8] EDWA No. 1:17-cr-2015-EFS, ECF No. 209.

[9] https://www.bop.gov/inmateloc/ (search for Johnny Andres Asuncion).

[10] EDWA No. 2:00-cr-2166-EFS, ECF No. 63; EDWA No. 2:03-cr-2160-EFS, ECF No. 67.

[11] *United States v. Morgan*, 346 U.S. 502, 506–07 (1954).

1  range of cases where no more conventional remedy is applicable."[12] A
2  narrow application of the writ helps preserve the finality of judgments.
3      To qualify for coram-nobis relief, Mr. Asuncion must show that:
4  "(1) a more usual remedy is not available; (2) valid reasons exist for not
5  attacking the conviction earlier; (3) adverse consequences exist from
6  the conviction sufficient to satisfy the case or controversy requirement
7  of Article III; and (4) the error is of the most fundamental character."[13]
8  Failure to meet any one of these elements is fatal to Mr. Asuncion's
9  request for relief.[14]
10 **C.    Analysis**
11     First, as to whether a more usual remedy is available, the Court
12 finds a more usual remedy is not available. Mr. Asuncion has served
13 his custodial and supervised-release sentences in both No. 2:00-cr-
14 2166-EFS and No. 2:03-cr-2160-EFS. Therefore, Mr. Asuncion cannot

---

[12] *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007).

[13] *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

[14] *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

1 seek to invalidate these firearm-possession convictions through either

2 a direct appeal or a writ of habeas corpus under 28 U.S.C. § 2255.

3 Moreover, Mr. Asuncion was not able to successfully challenge the

4 validity of these firearm-possession convictions during the resentencing

5 in his more recent federal case, No. 1:17-cr-2015-EFS. Instead, as he is

6 now doing, he must request vacatur of these firearm-possession

7 convictions through a writ for coram nobis. The first coram-nobis

8 element is satisfied.

9     Second, as to whether valid reasons exist for not attacking the

10 conviction earlier, the United States argues that Mr. Asuncion should

11 have attacked these convictions earlier, not four years after *Blake*.

12 There is not a specific statute of limitations to bring a petition for

13 coram-nobis relief.[15] Mr. Asuncion's drug-possession convictions were

---

17 [15] *See United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005),

18 *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S.

19 356 (2010).

1   vacated by Washington courts in the fall of 2021.[16] In November 2021,
2   Mr. Asuncion sought appointment of counsel to assist him with filing a
3   § 2255 habeas petition in No. 1:17-cr-2015-EFS.[17] Counsel was
4   appointed and ultimately his habeas petition was granted; and in 2023,
5   a resentencing was held in Mr. Asuncion's 2017 drug-distribution
6   case.[18] The United States highlights that Mr. Asuncion raised *Blake*-
7   related arguments at the resentencing, which asked the Court to not
8   consider the firearm-possession convictions when calculating his
9   criminal history score, thereby indicating that Mr. Asuncion was aware
10  of the ability to challenge the firearm-possession convictions at that
11  time. However, as the Court ruled during the resentencing that
12  proceeding was not the proper avenue for Mr. Asuncion to seek to
13  invalidate his firearm-possession convictions. The Court finds it

---

[16] EDWA No. 2:00-cr-2166-EFS, ECF No. 63 at 3–9; EDWA No. 2:03-cr-2160-EFS, ECF No. 67 at 3–9.

[17] EDWA No. 1:17-cr-2015-EFS, ECF Nos. 161, 162.

[18] EDWA No. 1:17-cr-2015-EFS, ECF Nos. 162, 163.

1 reasonable for Mr. Asuncion to seek to invalidate these firearm-
2 possession convictions via a pro se petition now, which is about a year
3 after the drug-distribution resentencing. Moreover, the United States
4 has not shown any prejudice resulting from Mr. Asuncion's delay in
5 filing this petition. The second coram-nobis element is satisfied.
6      Third, the United States also argues that Mr. Asuncion fails to
7 satisfy the next coram-nobis element: that Mr. Asuncion suffers
8 adverse consequences sufficient to satisfy the case or controversy
9 requirement of Article III because of these firearm-possession
10 convictions. The United States argues that Mr. Asuncion cannot show
11 a threatened or actual distinct and palpable injury connected to the
12 challenged convictions that will be redressed or prevented if the writ of
13 coram nobis is granted. The Court disagrees.
14     Although the firearm-possession convictions are more than 20
15 years old and therefore it is unlikely that these convictions will
16 increase his criminal-history category if he is convicted of a new crime,
17 whether Mr. Asuncion will face a higher criminal-history category is
18 not the only injury that he faces because of these past convictions. With
19 an anticipated release date of April 2032 in No. 1:17-cr-2015-EFS,

1  Mr. Asuncion will remain in Bureau of Prisons (BOP) custody for

2  several years. BOP uses an inmate's past criminal history to help

3  assess the inmate's criminogenic needs to assess what programs or

4  housing he is best suited for.[19] That Mr. Asuncion is prevented from

5  participating in certain programming or housing options because of

6  these two firearm-possession convictions, which are his only

7  firearms/weapons convictions, constitutes sufficient adverse

8  consequences.[20] The third element is satisfied.

9  Finally, the United States argues that the fourth element—that

10 the error is of the most fundamental character—is not met because the

11 law clearly allows for vacated felonies to serve as predicates for a

---

[19] 18 U.S.C. § 3632. *See* https://www.bop.gov/inmates/fsa/pattern.jsp (identifying the Prisoner Assessment Tool Targeting Estimated Risk and Needs (Pattern), which looks in part at one's criminal history).

[20] *See United States v. Walgren*, 885 F.2d 1417, 1421 (9th Cir. 1989) (recognizing that there is a presumption that collateral consequences flow from any criminal conviction).

1  federal felon-in-possession-of-a firearm conviction. The United States
2  cites to *Lewis v. United States*, 445 U.S. 55, 65 (1980), and *United*
3  *States v. Padilla*, 387 F.3d 1087, 1091 (9th Cir. 2004), for the
4  proposition that these firearm-possession convictions are still valid
5  because at the time of plea and sentencing in these firearm-possession
6  cases Mr. Asuncion was properly deemed a felon, as *Blake* had not yet
7  invalidated his drug-possession felonies. The United States highlights
8  that the Court relied on *Lewis* and *Padilla* during the resentencing in
9  No. 1:17-cr-2015-EFS when denying Mr. Asuncion's objection to
10 including the firearm-possession convictions when calculating his
11 criminal history score.

12     However, the procedural posture here is different than at the
13 resentencing in No. 1:17-cr-2015-EFS. Mr. Asuncion is not collaterally
14 attacking his firearm convictions in a separate proceeding, like he was
15 at the resentencing. Instead, he is seeking a writ of coram nobis in the
16 firearm-possession cases themselves, seeking this relief *after* he served
17 his imprisonment and supervised-release sentences. The felony
18 convictions serving as predicates for the firearm-possession convictions
19 were deemed *void ab initio*. Continuing to treat the firearm-possession

1 convictions as valid, following Mr. Asuncion's completed sentences in
2 these cases, is fundamentally unfair and serves no legal purpose. These
3 convictions are to be expunged from his record because it is an error of
4 the most fundamental character to continue to consider them as valid
5 convictions given that a key component of the firearm convictions—
6 that he was a felon—is missing. This situation was not before *Lewis* or
7 *Padilla* courts. The fourth coram nobis element is satisfied.

**D.   Conclusion**

   **IT IS HEREBY ORDERED**:

   1.   Mr. Asuncion's motion, **ECF No. 63 (No. 2:00-cr-2166-EFS)** and **ECF No. 67 (No. 2:03-cr-2160-EFS)**, is **GRANTED**.

   2.   Mr. Asuncion's convictions for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in No. 2:00-cr-2166-EFS and No. 2:03-cr-2160-EFS are hereby **VACATED**.

   3.   The Bureau of Prisons is to update Mr. Asuncion's (Register No. 15331-085) criminal history to reflect the vacatur of the convictions in No. 2:00-cr-2166-EFS and No. 2:03-cr-2160-EFS and then reassess his criminogenic needs. The Clerk's

Office is to mail a copy of this letter to BOP at both: 1) Designation & Sentence Computational Center, Grand Prairie Office Complex, 346 Marine Forces Dr., Grand Prairie, TX 75051; and 2) Milan FCI, 4004 East Arkona Rd., Milan, MI 48160.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Asuncion, counsel, the U.S. Probation Office, and the U.S. Marshals Office.

**DATED** this 14th day of October 2025.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge